**Kearns v. Allegheny Housing Rehabilitation Corporation, Monview Heights Inc.**

*Verdell Dean,* for plaintiff.
*Edward Van Stevenson,* for defendant.

ROSS, *J.,* February 7, 1995—Before the court is the petition of Carolyn Kearns, plaintiff, for post-trial relief from a non-jury verdict entered November 4, 1994, wherein the court found in favor of defendant, Allegheny Housing Rehabilitation Corporation, Monview Heights, on plaintiff's complaint for injunctive relief, compensatory and punitive damages for deprivation of civil rights, restitution of security deposit and of utilities. The court that same day denied the petition of plaintiff's counsel, Neighborhood Legal Services Association, for payment of counsel fees as part of the civil rights suit.

Plaintiff was a wholly HUD subsidized tenant at Monview Heights under a written monthly lease executed December 19, 20, 1989, and renewed in 1991. Under section 24 of the lease the tenancy might be terminated for good cause including the creation by the tenant of physical hazards on the leased premises. Section 14 stipulated that the tenant could not permit other persons to reside in the unit without prior written approval of the landlord. A written notice dated March 9, 1988, directed all tenants not to store combustible items in their furnace room.

Eviction proceedings began against plaintiff September 26, 1990, after written notification on May 16, 1990, of violation of her lease provision against unauthorized persons using her unit. Upon appeal to the arbitration board from an eviction award, she was awarded possession February 1, 1991.

Plaintiff stored combustible materials in her furnace room near the hot water tank. On February 4, 1991, her unit was severely damaged by fire. A written notice

dated February 15, 1991, to plaintiff's counsel sent by defendant's counsel stated that no alternative housing would be provided for plaintiff as a result of the fire damage because it was caused by her storage of combustible materials. Plaintiff's request for re-housing was denied.

Copious testimony was taken May 21, 1991, at a prior hearing on a petition for preliminary injunction seeking immediate re-housing. Fire expert, John Best, testified that the only cause of the slow-burning fire was the storage by plaintiff of boxes and other combustibles against the hot water tank. Other causes were ruled out. A preliminary injunction was denied March 28, 1991.

When another tenant was installed in the old unit after repair, a second petition for injunctive relief by way of re-housing was filed by plaintiff and the court on October 4, 1991, found no new facts were raised and identical issues presented as in the prior hearing. The court denied a preliminary injunction. The dismissal was appealed and plaintiff reinstated this complaint which on January 6, 1992, was stayed pending appeal. The Superior Court of Pennsylvania sustained the lower court and noted that the evidence taken below showed plaintiff caused the fire, a lease violation.

After the arbitration board on January 11, 1994 found for defendant, the matter came before the court on appeal.

The court finds no violation of plaintiff's civil rights under the history and facts of this case. For plaintiff to succeed in her civil rights suit she must prove that the landlord was utilizing the law and courts of the

Commonwealth to evict her in retaliation for her exercise of some constitutionally protected right: *Walton v. Darby Town Houses Inc.*, 394 F. Supp. 553, 559 (1975); 42 U.S.C. 1993. The facts here establish that she was evicted because she caused a fire which destroyed her apartment in violation of her lease. No constitutional right was ever in issue. She has no constitutional right to be re-housed when she has violated lease term 24 and created a physical hazard to other persons.

Nor were relevant HUD statutes violated by her eviction. Under sections 13602 and 13603 of 42 U.S.C., the Secretary of Housing and Urban Development must require the owners of federally assisted housing to comply with criteria for occupancy in selecting tenants capable of complying with reasonable lease terms and lease terms must prohibit tenants from undertaking behavior which endangers the health and safety of others. Defendant complied with these provisions when it forbade plaintiff in her lease from creating physical hazards through her use of the rented property.

Under provisions of the HUD statute, 42 U.S.C. 1437(f)(d)(B)(ii), the owner should not terminate the tenancy "except for serious or repeated violation of the terms . . . of the lease . . . or other good cause." Causing the fire was a serious violation of the lease by plaintiff and good cause to end plaintiff's tenancy. The letter of defendant's counsel dated February 15, 1991, notifying plaintiff's counsel that the lease was terminated complied with 42 U.S.C. 1437(f)(d)(B)(iv) which requires written notice to the tenant prior to termination.

Because plaintiff was unsuccessful in her civil rights action, no counsel fees will be awarded her attorney.

The motion for post-trial relief is denied.